UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>            Plaintiff,<br><br>   v.<br><br>APPLE, INC.,<br><br>            Defendant. | Case No. 1:25-cv-00503-JLT-CDB<br><br>ORDER REQURING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 1)<br><br>**21-DAY DEADLINE** |

Plaintiff Tanbeer Singh Brar initiated this action with the filing of a complaint against Defendant Apple, Inc., on April 30, 2025. (Doc. 1).

**Background**

The Court has a duty to consider its own subject matter jurisdiction, regardless of whether the issue is raised by the parties, and is required to dismiss an action over which it lacks jurisdiction. *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3).

Plaintiff's allegations are difficult to follow but he appears to assert "conversion, modifications and changing in functionality of computer language programming of the products of [Defendant]." (Doc. 1 at 4). He appears to allege that this was done only on his iPhone, starting in 2024, to not let him "proceed … in [his] judicial federal proceeding for multiple purposes," providing the purpose of Defendant's actions was to coverup infringement and data

breaches, among other reasons which are difficult to parse, relating to Plaintiff's involvement in "US government projects." Besides these allegations, Plaintiff writes "violation of the First Amendment to not let me proceed to file complaint" and "violation of Fifth Amendment by editing data trying to obtain evidence against me." (Doc. 1 at 4). The complaint further alleges that Plaintiff is a citizen of California (*id.* at 3) and Defendant is incorporated in, and has its principal place of business in, California (*id.* at 4).

Although Plaintiff does not expressly plead the basis for which this Court properly has jurisdiction, on page 3 of the form complaint where a plaintiff is required to indicate the basis for jurisdiction, Plaintiff checked "[d]iversity of citizenship."

**Discussion**

Federal courts have limited jurisdiction and can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019).

**A.   Diversity Jurisdiction**

28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (citing 28 U.S.C. § 1332(c)(1)). "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

Here, in an attempt to establish subject matter jurisdiction, Plaintiff alleges diversity of

citizenship. (Doc. 1 at 3). Plaintiff alleges that he is a citizen of California. (*Id.*). However, he alleges that Defendant is a California corporation with its principal place of business in California. (*Id.* at 4). Thus, Defendant also is deemed to be a California citizen. In support of the amount in controversy requirement, he alleges the amount at stake is $50,000,000.00. (*Id.*).

Although the amount in controversy alleged exceeds the statutory requirement, because Plaintiff and Defendant both are California citizens, Plaintiff fails to establish complete diversity and this Court lacks jurisdiction under 28 U.S.C. § 1332(a)

**B.     Federal Question Jurisdiction**

A case "arises" under federal law either where federal law itself creates the cause of action or where the vindication of a state law right would "necessarily [turn] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a substantial question of federal law. *Franchise Tax Bd*, 463 U.S. at 27-28. Courts determine whether they have federal question jurisdiction by applying the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (*Id.*). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing references to federal issues are not a "password opening federal courts to any state action embracing a point of federal law").

Here, Plaintiff's complaint is unclear as to his precise allegations and does not provide discrete claims or causes of action. While Plaintiff's complaint references in passing the First and Fifth Amendments and "violation of Constitutional [r]ights and infringement" (Doc. 1 at 4), mere references to federal statutes are not enough to establish federal jurisdiction. *See*, *e.g., Alan v. Equifax*, No. CV 19-6588-DMG (ASX), 2019 WL 5801891, at *2 (C.D. Cal. Nov. 6, 2019). In

3

the complaint, Plaintiff fails to articulate how either the First Amendment or Fifth Amendment constitutes cognizable grounds for relief. Moreover, to prevail on a claim under the First or Fifth Amendment, Plaintiff must plead that Defendant acted under color of state law or was a federal government actor, respectively. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *see also Morrow v. Target Dept. Stores*, No. 2:11–cv–00785–JCM–CWH, 2012 WL 1931236, at *2 (D. Nev. May 29, 2012) (noting that the due process clause of the Fifth Amendment applies only to actors in the federal government). Plaintiff's complaint does not cognizably plead (nor is it likely Plaintiff could amend the complaint to cognizably plead) that Apple Inc. either is a state or federal actor or exercised some right created by state law constituting any alleged deprivation of Plaintiff's constitutional rights.

Accordingly, this Court lacks jurisdiction for lack of federal question presented in the face of the complaint.

### Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that **within 21 days** from the date of issuance of this order, Plaintiff SHALL show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

**Any failure by Plaintiff to comply with this Order will result in the imposition of sanctions, including a recommendation to dismiss of the entire action without prejudice.** Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

IT IS SO ORDERED.

Dated: **May 2, 2025**                          _____
                                                                          UNITED STATES MAGISTRATE JUDGE

4