1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

| 11  TANBEER SINGH BRAR, | Case No. 1:25-cv-00503-JLT-CDB |
|---|---|
| 12          Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT FOR LACK OF |
| 13     v. | SUBJECT MATTER JURISDICTION |
| 14  APPLE, INC., | (Docs. 1, 5) |
| 15          Defendant. | ORDER DENYING REQUEST FOR HEARING |
| 16 | (Docs. 4, 5) |
| 17 | **14-DAY DEADLINE** |
| 18 | |

19        Plaintiff Tanbeer Singh Brar initiated this action with the filing of a complaint against

20   Defendant Apple, Inc., on April 30, 2025.  (Doc. 1).  Plaintiff, who is proceeding pro se, did not

21   pay the filing fee and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to

22   28 U.S.C. § 1915.  (Doc. 2).  The Court has a duty to consider its own subject matter jurisdiction,

23   regardless of whether the issue is raised by the parties and is required to dismiss an action over

24   which it lacks jurisdiction.  *See Morongo Bank of Mission Indians v. Cal. State Bd. of Equalization*,

25   858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3).

26   **I.      Factual Allegations and Background**

27        Plaintiff's allegations are difficult to follow but he appears to assert "conversion,

28   modifications and changing in functionality of computer language programing of the products of

1    [Defendant]." (Doc. 1 at 4). He appears to allege that this was done only on his iPhone, starting

2    in 2024, to not let him "proceed … in [his] judicial federal proceeding for multiple purposes,"

3    providing the purpose of Defendant's actions was to coverup infringement and data breaches,

4    among other reasons which are difficult to parse, relating to Plaintiff's involvement in "US

5    government projects." Besides these allegations, Plaintiff writes "violation of the First Amendment

6    to not let me proceed to file complaint" and "violation of Fifth Amendment by editing data trying

7    to obtain evidence against me." (Doc. 1 at 4). The complaint further alleges that Plaintiff is a

8    citizen of California (*id.* at 3) and Defendant is incorporated in, and has its principal place of

9    business in, California (*id.* at 4).

10    Although Plaintiff does not expressly plead the basis for which this Court properly has

11    jurisdiction, on page 3 of the form complaint where a plaintiff is required to indicate the basis for

12    jurisdiction, Plaintiff checked "[d]iversity of citizenship." (*Id.* at 3). After a preliminary review of

13    the complaint, on May 2, 2025, the Court ordered Plaintiff to show cause why this action should

14    not be dismissed for lack of subject matter jurisdiction, noting that the allegations of the complaint

15    did not demonstrate a proper jurisdictional basis either under diversity jurisdiction or federal

16    question jurisdiction. (Doc. 3). Also on May 2, 2025, Plaintiff filed a request for a hearing on May

17    5, 2025, to present evidence of a "data breach and evidence of conversion in the software

18    application of [Defendant] which was download[ed] in my iPhone …" (Doc. 4). On May 5, 2025,

19    Plaintiff timely filed his response to the Court's order to show cause, as well as an amended case

20    cover sheet. (Docs. 5, 6).

21    Plaintiff's response is difficult to follow, but he appears to request the Court to set a hearing

22    for him to present evidence that he "can only show in person," related to, among other things,

23    removal of his accounts and emails by Defendant. Plaintiff states this was not done by any official

24    government entity. (*See* Doc. 5). Plaintiff does not otherwise address the Court's order (Doc. 3)

25    regarding why this action should not be dismissed for lack of subject matter jurisdiction.

26    **II.    Discussion**

27    Federal courts have limited jurisdiction and can adjudicate only those cases which the

28    United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life*

1    *Ins. Co.*, 551 U.S. 375 (1994). "To proceed in federal court, a plaintiff's pleading must establish

2    the existence of subject matter jurisdiction. Generally, there are two potential bases for the federal

3    subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction." *Martinez*

4    *v. Hoff*, No. 1:19-cv-00923-LJO-SKO, 2019 WL 3564178, at *1 (E.D. Cal. Aug. 6, 2019). A

5    review of the complaint reveals that it should be dismissed because it lacks any basis for subject

6    matter jurisdiction.

7                    **A.    Diversity Jurisdiction**

8            28 U.S.C. § 1332(a) vests district courts with original jurisdiction over all civil actions

9    where the amount in controversy exceeds $75,000 and is between citizens of different states.

10   Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from

11   the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). A

12   corporation is deemed to be a citizen of any State by which it has been incorporated and of the State

13   where it has its principal place of business. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005)

14   (citing 28 U.S.C. § 1332(c)(1)). "Subject-matter jurisdiction can never be waived or forfeited,"

15   and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised

16   by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

17           Here, in an attempt to establish subject matter jurisdiction, Plaintiff alleges diversity of

18   citizenship. (Doc. 1 at 3). Plaintiff alleges that he is a citizen of California. (*Id.*). However, he

19   alleges that Defendant is a California corporation with its principal place of business in California.

20   (*Id.* at 4). Thus, Defendant also is deemed to be a California citizen. In support of the amount in

21   controversy requirement, he alleges the amount at stake is $50,000,000.00. (*Id.*). Plaintiff does not

22   address diversity jurisdiction in his response to the Court's order to show cause. (Doc. 5). In his

23   amended cover sheet (Doc. 6) filed after the Court ordered Plaintiff to show cause, Plaintiff again

24   alleges diversity as the basis of jurisdiction, but further alleges that he and Defendant are both

25   citizens of California. (Doc. 6).

26           Although the amount in controversy alleged exceeds the statutory requirement, because

27   Plaintiff and Defendant both are California citizens, Plaintiff fails to establish complete diversity

28   and this Court lacks jurisdiction under 28 U.S.C. § 1332(a).

1    **B.    Federal Question Jurisdiction**

2          A case "arises" under federal law either where federal law itself creates the cause of action

3    or where the vindication of a state law right would "necessarily [turn] on some construction of

4    federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002)

5    (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).

6    Stated otherwise, a claim arises under federal law if the complaint cognizably pleads that federal

7    law created the claim asserted or the plaintiff's right to relief necessarily depends on resolving a

8    substantial question of federal law.  *Franchise Tax Bd*, 463 U.S. at 27-28.   Courts determine

9    whether they have federal question jurisdiction by applying the "well-pleaded complaint rule."

10   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[F]ederal jurisdiction exists only when a

11   federal question is presented on the face of the plaintiff's properly pleaded complaint."   (*Id*.).

12   Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state

13   cause of action." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see Grable*

14   *& Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (holding that passing

15   references to federal issues are not a "password opening federal courts to any state action embracing

16   a point of federal law").

17         Here, Plaintiff's complaint is unclear as to his precise allegations and does not provide

18   discrete claims or causes of action.  While Plaintiff's complaint references in passing the First and

19   Fifth Amendments and "violation of Constitutional [r]ights and infringement" (Doc. 1 at 4), mere

20   references to federal statutes are not enough to establish federal jurisdiction. *See*, *e.g., Alan v.*

21   *Equifax*, No. CV 19-6588-DMG (ASX), 2019 WL 5801891, at *2 (C.D. Cal. Nov. 6, 2019).  In the

22   complaint, Plaintiff fails to articulate how either the First Amendment or Fifth Amendment

23   constitutes cognizable grounds for relief.

24         Moreover, to prevail on a claim under the First or Fifth Amendment, Plaintiff must plead

25   that Defendant acted under color of state law or was a federal government actor, respectively.  *See*

26   *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011); *see also Morrow*

27   *v. Target Dept. Stores*, No. 2:11–cv–00785–JCM–CWH, 2012 WL 1931236, at *2 (D. Nev. May

28   29, 2012) (noting that the due process clause of the Fifth Amendment applies only to actors in the

4

1   federal government) (citing *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).  Plaintiff's

2   complaint does not cognizably plead that Apple, Inc., either is a state or federal actor or exercised

3   some right created by state law constituting any alleged deprivation of Plaintiff's constitutional

4   rights.

5        Plaintiff does not address these deficiencies identified in the Court's show cause order

6   regarding subject matter jurisdiction.  (Doc. 5).  Plaintiff merely states therein that removal of his

7   accounts and emails by Defendant, among other allegations difficult to parse, were not done by any

8   official government entity.  (*See id.*).

9        Thus, this Court lacks subject matter jurisdiction as no federal question is presented in the

10  face of the complaint.

11       As the Court lacks subject matter jurisdiction, Plaintiff's request for a hearing to present

12  evidence (Docs. 4, 5) will be denied.

13  **III.    Order and Recommendation**

14       Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for a hearing to present

15  evidence (Docs. 4, 5) is DENIED.

16       And IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for

17  failure to establish this Court's subject matter jurisdiction.

18

19

20                    *Remainder of This Page Intentionally Left Blank*

21

22

23

24

25

26

27

28

                                5

1       These Findings and Recommendations will be submitted to the United States District Judge

2   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after

3   being served with a copy of these Findings and Recommendations, a party may file written

4   objections with the Court.  Local Rule 304(b).  The document should be captioned, "Objections to

5   Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave

6   of Court and good cause shown.  The Court will not consider exhibits attached to the Objections,

7   but a party may refer to exhibits in the record by CM/ECF document and page number.  Any pages

8   filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing

9   these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any

10   objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson*

11   *v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

12   IT IS SO ORDERED.

13     Dated:   **May 7, 2025**

14                         UNITED STATES MAGISTRATE JUDGE

6