UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>   Plaintiff,<br><br>   v.<br><br>APPLE, INC.,<br><br>   Defendant. | Case No. 1:25-cv-00503-JLT-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 7)<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO SET HEARING AS MOOT<br><br>(Docs. 2, 9) |

   Tanbeer Singh Brar, who is proceeding pro se, initiated this action against Defendant Apple, Inc. on April 30, 2025. (Doc. 1.) Following a preliminary review of the complaint, on May 2, 2025, the assigned magistrate judge issued an order directing Plaintiff to show cause in writing why the action should not be dismissed for lack of subject matter jurisdiction. (Doc. 3.) On May 5, 2025, Plaintiff timely filed his response, as well as an amended civil case cover sheet. (Docs. 5, 6.)

   Considering Plaintiff's response to the show cause order, on May 7, 2025, the assigned magistrate judge issued Findings and Recommendations that this action be dismissed for lack of subject matter jurisdiction. The magistrate judge found that Plaintiff's complaint fails to establish

1  complete diversity among the parties (both of whom are California residents as pleaded) and that
2  the Court lacks federal question jurisdiction because the purported constitutional claims as are not
3  cognizable. (Doc. 7.) Plaintiff filed timely objections to the findings and recommendations on
4  May 12, 2025, as well as a motion to set a hearing. (Docs. 8, 9.)

5  Plaintiff's filings <u>confirm</u> that he and the Defendant are citizens of California, (Doc. 8 at
6  1), which, as the magistrate judge explained (Doc. 7 at 3), defeats diversity jurisdiction. As to
7  federal question jurisdiction, the Findings and Recommendations indicated that Plaintiff failed to
8  state any claim under the First or Fifth Amendment because, among other things, Plaintiff had not
9  alleged Defendant "acted under color of state law or was a federal government actor." (Doc. 7 at
10 4.) In his objections, Plaintiff argues that Defendant unlawfully removed his accounts with the
11 help of local law enforcement (*id.* at 4), that Defendant unlawfully edited the programming within
12 his iPhone to allow management and surveillance (*id.* at 5-6), that Defendant has multiple parties
13 actively managing the iPhone and changing language and dictionaries, that these changes impact
14 Plaintiff's "family obligations in lower court" (citing case number BFC-19-004449 in Kern
15 County Superior Court) (*id.* at 9), that screenshots and videos corroborate such actions by
16 Defendant (*id.* at 10), and that Defendant, Microsoft Corporation, and Google, Inc., are working
17 together with assistance from local district attorneys (*id.* at 12). To the extent Plaintiff is
18 attempting to state a federal claim by suggesting Defendant worked with government actors, he
19 fails to provide a concise, clear explanation—as is required by Federal Rule of Civil Procedure
20 8—of how any such relationship resulted in any violation of a federal right.

21 Plaintiff separately filed a document that requests the Court to set a hearing regarding
22 Defendant and the "matter of 'THREAT'." (Doc. 9 at 1.) Plaintiff appears to assert that
23 Defendant is in violation of federal and international law and, with the help of other computer and
24 technical companies, is managing telecommunications unlawfully. (*Id.* at 2-3.) Plaintiff also seeks
25 a restraining order against "all products of [Defendant] manage[d] on same server from outside
26 USA." (*Id.* at 3.) These assertions shed no light on the question of this Court's jurisdiction over
27 the matter. Without jurisdiction, the Court cannot grant emergency relief. *See Williams v. Dep't of*
28 *Just.*, No. 2:24-CV-05406-DDP (AJR), 2024 WL 3915922, at *2 (C.D. Cal. July 25, 2024)

(where a court lacks jurisdiction the plaintiff "cannot demonstrate a substantial likelihood of success on the merits of his claim," which is a requirement for injunctive relief).

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. The objections do not materially call into question the magistrate judge's conclusions. This Court lacks subject matter jurisdiction as the parties are not diverse and no federal question is presented in the face of the complaint. As the magistrate judge indicated in the order to show cause, "Plaintiff's complaint does not cognizably plead (nor is it likely Plaintiff could amend the complaint to cognizably plead) that Apple Inc. either is a state or federal actor or exercised some right created by state law constituting any alleged deprivation of Plaintiff's constitutional rights." (*See* Doc. 3 at 4.) The Court agrees with this finding and concludes that amendment would be futile. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 7, 2025 (Doc. 7), are **ADOPTED IN FULL**.
2. Plaintiff's complaint (Doc. 1) is **DISMISSED** without leave to amend.
3. Plaintiff's motion to proceed in forma pauperis (Doc. 2) and motion to set hearing (Doc. 9) are **DENIED** as moot.
4. The Clerk of the Court is directed to **CLOSE** this case.

IT IS SO ORDERED.

Dated:     **May 16, 2025**

UNITED STATES DISTRICT JUDGE

3