UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANBEER SINGH BRAR,<br><br>              Plaintiff,<br><br>     v.<br><br>APPLE, INC.,<br><br>              Defendant. | Case No. 1:25-cv-00503-JLT-CDB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR MISCELLANEOUS RELIEF IN CLOSED CASE<br><br>(Docs. 13, 14, 15) |

**Background**

Plaintiff Tanbeer Singh Brar ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on April 30, 2025. (Doc. 1). On May 2, 2025, the Court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. (Doc. 3). Plaintiff filed his response on May 5, 2025. (Doc. 5). On May 7, 2025, the undersigned issued findings and recommendations to dismiss the action for lack of subject matter jurisdiction. (Doc. 7). On May 16, 2025, the assigned district judge adopted the findings and recommendations and dismissed the complaint without leave to amend. (Doc. 11). Accordingly, the case was (and remains) closed.

On May 22, 2025, Plaintiff filed a document labeled "motion to reopen set hearing," dated May 18, 2025. (Doc. 13). On June 23, 2025, Plaintiff filed two documents, one titled "motion for request for orders on these subject matters" and another titled "motion to waive fees." (Docs. 14,

15).

**Discussion**

In Plaintiff's "motion to reopen set hearing" (Doc. 13), Plaintiff begins by asserting that the "court cannot violate my rights if [I'm] representing 'pro se', and after declaring obstruction, error or peremptory challenge in this court case the clerk is require to remove judicial officer Jennifer [L.] [T]hurston to get heard this motion by new assigned officer." *Id.* at 1. Plaintiff then contends that this is a "request to new assigned officer to this case to read the orders attached [Doc. 7] and [Doc. 11] and determine what is the reason behind to orders in this way and who is behind this obstruction of judicial system." *Id.* at 2.

Plaintiff appears to assert that there is "proper jurisdiction of this court" and requests the Court to "reopen this case and set court hearing and summon to other party." *Id.* Plaintiff then states that "plaintiff (me) is residence citizen of this same state of California and living in county of Kern … this case and diversity of states jurisdiction is appropriate by the [defendant] which is the business and register in this same state of California and also have headquarter in this same state of California." *Id.* at 9. Plaintiff then asserts that "this matter is interstate in which both parties are from state of California. In which not required any terms of minimum amount in controversy …" *Id.*

Plaintiff cites to an inapplicable criminal statute for the proposition that the Court "have to order for protection right way." *Id.* at 11. Plaintiff concludes by requesting that the Court "[c]hange judicial officer and [r]eopen this court case and take action against all of them behind obstruction of justice." *Id.* at 12.

Plaintiff also has filed a "motion for request for orders on these subject matters." (Doc. 14). Plaintiff asserts therein that the Court "reopen this matter," issue summons, and waive all fees. *Id.* at 1. Plaintiff's third filing, titled "motion to [waive] fees," asks the Court to waive all Court fees as well as PACER fees until he receives recovery, presumably from Defendant. (Doc. 15).

In sum, Plaintiff purports to seek to "reopen" this closed case but does not identify any authorities he contends authorize this Court to grant any such relief and advances no new facts, circumstances, or arguments that have not already been considered by the Court. As such, even

applying a liberal standard, the undersigned declines to construe Plaintiff's motions as a motion for reconsideration. *Cf.* Local Rule 230(j). As recounted above, the motions ignore the Court's findings (Docs. 7, 11) and, in fact, appear to reconfirm that subject matter jurisdiction is lacking. Accordingly, Plaintiff's motions are frivolous as they are based on an indisputably meritless legal theory and baseless factual contentions. *See Neitzke v. Williams*, 490 U.S. 319, 324, 327 (1989). As Plaintiff was forewarned in two other actions, "repetitive or frivolous filings … may summarily be disregarded."[1] *See Brar v. California*, No. 1:25-CV-00136-JLT-CDB, 2025 WL 1263140, at *2 (E.D. Cal. May 1, 2025); *Brar v. United States*, No. 1:25-CV-00504-JLT-CDB, 2025 WL 1696100, at *2 (E.D. Cal. June 17, 2025). Thus, Plaintiff's motions will be denied.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for miscellaneous relief (Docs. 13, 14, 15) are DENIED.

**Plaintiff is DIRECTED to refrain from filing further frivolous motions in this closed action.**

IT IS SO ORDERED.

Dated:   **June 25, 2025**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).